UNITED STATES DISTRICT COURT

Southern District of California

| | |
|---|---|
| WILLARD WESTFALL, individually and on behalf of the Purported Class,<br><br>　　　　　Appellant,<br><br>v.<br><br>MII LIQUIDATION INC.,<br><br>　　　　　Appellee. | No. 06-CV-02343-BEN (NLS)<br><br>**ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br>**[Dkt.Nos. #14, 17, 18, 25, 27, 30]** |

　　　Appellant Willard Westfall ("Appellant") appeals a Bankruptcy Court's order denying the class portion of one of Appellant's claims submitted in the underlying bankruptcy case. Appellant filed his Notice of Appeal on October 19, 2006. The following day, Appellant filed a Motion to Stay Proceedings Pending Appeal in the Bankruptcy Court. After a full hearing on the issue, the Bankruptcy Court denied Appellant's request on December 20, 2006.

　　　Appellant now seeks the same relief from this Court and requests that this Court grant Appellant's Motion to Stay Proceedings Pending Appeal. "An appellant seeking a discretionary stay pending appeal under Bankruptcy Rule 8005 must prove: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006) (internal quotation and citation omitted). "The party moving for a stay has the

1  burden on each of these elements." *Id.* (internal quotation and citation omitted).  The failure to
2  meet any one of these four elements requires denial of the motion. *See id.*

3  "When a bankruptcy court has ruled on the issue of a stay of its order pending appeal, the
4  district court, sitting as an appellate court, reviews that decision for abuse of discretion." *Id.*
5  (internal quotation and citation omitted)  Discretion is only abused when the judicial action is
6  arbitrary, fanciful, or unreasonable;  or put another way, discretion is abused only where no
7  reasonable person would take the view adopted by the trial court. *See id.*

8  Here, Appellant is unable to show that a stay is warranted.  The Bankruptcy Judge found that
9  issuing a stay would destroy the pending settlement process and the existing momentum would be
10  lost resulting  in substantial harm to the estate.  (Transcript of December 8, 2006, Hearing at 41:7-
11  18, Appellant's Ex. C.)  The Bankruptcy Judge's findings are entitled to substantial deference and
12  should not be set aside under the abuse of discretion standard.  *See In re Irwin*, 338 B.R. at 843-44.

13  Therefore, for the reasons discussed above, Appellant's Motion to Stay Proceedings Pending
14  Appeal is **DENIED**. Further, Appellant's Motion for Leave to File a Supplemental Memorandum in
15  Support of Motion to Stay Proceedings Pending Appeal and Appellant's *Ex Parte* Application for
16  Order Shortening Time to Respond to Motion for Leave to File a Supplemental Memorandum in
17  Support of Motion to Stay Proceedings Pending Appeal are both **DENIED** as moot.  Appellee's
18  Motion for Leave  to File Additional Documents in Response to Appellant's Reply to Memorandum
19  of Points and Authorities in Support of Motion to Stay Proceedings Pending Appeal is also
20  **DENIED** as moot.  Lastly, Official Indemnities Committee's Motion to Intervene or in the
21  Alternative, for *Amicus Curiae* Status and their *Ex Parte* Motion to Shorten Time are both **DENIED**
22  as moot.

23  **IT IS SO ORDERED.**

24  DATED:  May 2, 2007

26  Hon. Roger T. Benitez
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28