UNITED STATES DISTRICT COURT

Southern District of California

| | |
|---|---|
| WILLARD WESTFALL, individually and on behalf of the Purported Class, | No. 06-CV-02343-BEN (NLS) |
| Appellant, | **ORDER** |
| v. | |
| MII LIQUIDATION INC., | |
| Appellee. | |

Appellant Willard Westfall ("Appellant or Westfall"), on behalf of himself and the purported class, appeals an order of the United States Bankruptcy Court for the Southern District of California, the Honorable John J. Hargrove presiding.  The order stems from Chapter 11 bankruptcy proceedings for MII Liquidation, Inc. ("MII"), and AHP Liquidation, LLC, ("AHP") (collectively, "Appellee" or "Debtors in Possession").  *See* Bankruptcy Case Nos. 05-6040 and 05-6041.[1]  The order issued by Judge Hargrove sustained objections made by the Debtors in Possession regarding three Proofs of Claim (Claim Nos. 71, 73, and 85) that were filed by Westfall on behalf of himself and the purported class.

---

[1]  Although there are two bankruptcy cases, the cases have been jointly administered by the Bankruptcy Court under Case No. 05-6040 since their inception.  AHP is a wholly owned subsidiary of MII.

1    Since Appellant conceded Claim Nos. 71 and 73 as duplicative of Claim No. 85, the

2    Bankruptcy Court properly disallowed both claims in their entirety.  The Bankruptcy Court also

3    denied the class portion of Claim No. 85 on substantive grounds, and limited Claim No. 85 solely to

4    Westfall in his individual capacity.[2]

5    Appellant urges this Court to reverse Judge Hargrove's decision denying the class portion of

6    Claim No. 85 asserting that the Bankruptcy Court abused its discretion.  That order is a final order,

7    which confers jurisdiction upon this Court over this appeal pursuant to 28 U.S.C. § 158(a)(1).  *See*

8    *also In Re Prestige Limited Partnership-Concord*, 234 F.3d 1108, 1112-14 (9th Cir. 2000) (an order

9    of the Bankruptcy Court disposing of an objection to a claim is a final order).  Having read and

10   considered the briefs and the record of proceedings below, and for the reasons that follow, the Court

11   **AFFIRMS** the order of the Bankruptcy Court.

12   **I.      BACKGROUND**

13   Prior to December 2003, the Debtors in Possession ran a business selling ephedra-based

14   dietary supplements. They stopped selling these products in December 2003 and continued to

15   market and sell only non-ephedra products.  The non-ephedra business, however, was burdened by

16   the substantial expenses resulting from the enormous volume of litigation initiated by consumers of

17   their former ephedra-based dietary supplements.

18   Before the bankruptcy cases were filed, a majority of the ephedra-based lawsuits in federal

19   court had been consolidated in a multi-district litigation ("MDL") court proceeding pending before

20   the Honorable Jed Rakoff in the Southern District of New York.  Since the bankruptcy cases were

21   filed, almost all of the ephedra cases that were not already in the MDL were subsequently

22   transferred to the MDL court for pretrial administration by the Judicial Panel on Multidistrict

23   Litigation.

24   On March 16, 2004, Westfall and three other representative plaintiffs, Debra Kline, Dennis

25   Kline, and Idella Westfall (collectively, "Westfall Plaintiffs") commenced a federal class action

26   lawsuit against MII and other defendants ("Westfall Action").  The Westfall Action asserted

27   _____

28   [2] For purposes of this appeal, the Court focuses solely on the review of Claim No. 85 since Appellant has already conceded Claim Nos. 71 and 73 as duplicative of Claim No. 85.

1    personal injury claims relating to the consumption of ephedra-containing products.  The Westfall

2    Action was transferred from the Eastern District of Pennsylvania to the MDL proceeding on June

3    16, 2004.

4           MII negotiated a class action settlement with the Westfall Plaintiffs who moved for approval

5    of the class action settlement and class certification in the MDL proceeding.  After learning that the

6    Debtors in Possession intended to file bankruptcy, Westfall sought permission to withdraw the class

7    certification motion.  However, this request was denied by Judge Rakoff.  Judge Rakoff also

8    ultimately denied class certification and preliminary approval of the class action settlement.  An

9    order, incorporating the statements of Judge Rakoff in open court, was entered on June 2, 2005.  The

10   order stated that an opinion setting forth the court's reasoning "will issue in due course."  Judge

11   Rakoff issued that opinion on September 11, 2005.

12          The Debtors in Possession formally filed their bankruptcy petitions on June 30, 2005,  under

13   Chapter 11 of the Bankruptcy Code.[3]  The United States Trustee appointed the Official Committee

14   of Unsecured Creditors ("OCC") on July 5, 2005.  At the request of certain retailers who sold MII

15   products, the Bankruptcy Court also directed the United States Trustee to appoint an Official

16   Committee of Indemnity/Retailer Creditors ("OIC") in the MII case.  On July 22, 2005, Westfall's

17   counsel filed a Notice of Appearance and Request for Service of Papers for the bankruptcy case.

18          In September 2005, Westfall, without any of the other Westfall Plaintiffs, filed three Proofs

19   of Claim on behalf of himself and the purported class.[4]  Claim Nos. 71 and 73 listed the amount of

20   the claim as "unliquidated."  Claim No. 85 listed the amount of the claim as $125 million.

21          On November 3, 2005, the Bankruptcy Court approved a sale of certain non-ephedra related

22   assets of the Debtors in Possession for a purchase price of approximately $12 million.  The sale

23   created a limited fund with which to satisfy all administrative expenses, trade claims, and uninsured

24   and underinsured ephedra related claims.  On November 10, 2005, the Appellee's filed an *Ex Parte*

25   Application for Order: A) Setting a Claims Bar Date;  B) Establishing Certain Additional

26   _____

27          [3]  The Bankruptcy Court ordered that the bankruptcy cases be jointly administered on July 1, 2005.

28          [4]  Westfall Plaintiffs Debra Kline and Dennis Kline filed their own separate Proofs of Claim.  Westfall
     Plaintiff Idella Westfall did not file a Proof of Claim.

Requirements for Ephedra Claims;  C) Approving Form of Notice;  and D) Granting Additional Relief ("Bar Date Application").  The Bar Date Application was drafted with the input of the OCC, certain retailers and a manufacturer of MII products, insurers for the Debtors in Possession, representatives of certain ephedra plaintiffs groups, and the MII shareholders.  The OCC filed a joinder to the Bar Date Application on November 15, 2005.

On November 16, 2005, the Bankruptcy Court entered an order granting the Bar Date Application and approving the form of notice which was attached to the order (collectively, "Bar Date Order").[5]  In addition, the Bar Date Notice set out the specific additional filing and reporting requirements for claimants asserting a claim against either of the Debtors in Possession based on personal-injury or wrongful-death claims, and any other claims that relate to the purchase or consumption of ephedra-based products as provided in the Bar Date Order.  Failure to adhere to these specified requirements could result in the barring of potential claims.

On December 2, 2005, the Debtors in Possession served the Bar Date Notice on approximately 1,000 parties appearing on the Bankruptcy Court matrix, including counsel for Westfall.[6]  In addition, the Bar Date Notice was published in the national newspaper *USA Today* on two separate occasions.  Finally, the Bar Date Notice was posted on the MII website.

By letter dated January 26, 2006, the Debtors in Possession notified Westfall that his claims were defective in that the Proof of Claim Supplements required under the Bar Date Order (and pursuant to the Bar Date Notice) had not been received for the purported class members.  Thereafter in February 2006, Westfall provided the Proof of Claim Supplement solely relating to Plaintiff Westfall, and no other purported class members.

On July 27, 2006, the Debtors in Possession objected to Claim Nos. 71 and 73 as duplicative of Claim No. 85.  The Debtors in Possession also objected to Claim No. 85, to the extent it asserted rights of the purported class, as duplicative of all other ephedra-related claims filed against one or

---

[5]  The notice, entitled Notice of A) Bar Date (Deadline) for Filing Proofs of Claim or Interests, and B) Additional Requirements for Filing Proofs of Ephedra Claims ("Bar Date Notice"), implemented the provisions of the Bar Date Order and specifically advised creditors that all Proofs of Claim were to be filed with the Clerk of the U.S. Bankruptcy Court on or before January 17, 2006, ("Bar Date").

[6]  The Bar Date Notice referenced that a Bar Date Order had been issued.

both of the Debtors in Possession.  On August 16, 2006, Westfall filed a response to the objections conceding that Claim Nos. 71 and 73 were duplicative of Claim No. 85.  The response also argued that the class portion of Claim No. 85 should be allowed, but did not object to the Bar Date Order or the Bar Date Notice.  The Debtors in Possession filed a reply on August 23, 2006.  The OCC filed a joinder and supplement to joinder to the reply of the Debtors in Possession.

On October 4, 2006, the Bankruptcy Court held a hearing to consider, *inter alia*, the objections to Claim Nos. 71, 73, and 85.  At the outset of the hearing, the Bankruptcy Court announced its tentative ruling to deny the class portion of Claim No. 85.  The Bankruptcy Court gave its preliminary reasoning: 1) Westfall had failed to submit claim supplements for the purported class members and failed to commence an adversary proceeding as required by the Bar Date Order; and 2) in the MDL proceeding, Judge Rakoff had denied certification of Westfall's purported class, and therefore collateral estoppel barred Westfall from relitigating the issue.[7]  In response to the Bankruptcy Court's tentative ruling, Westfall's counsel for the first time asserted that the Bar Date Notice was insufficient and violated the purported class members' due process rights.  The Bankruptcy Court noted that Westfall's actions had "an aura of forum shopping."[8]  (This same observation was made previously by Judge Rakoff.)

The Bankruptcy Court ultimately denied the class portion of Claim No. 85 as noncompliant with the Bar Date Notice and duplicative of other filed ephedra claims.  The Bankruptcy Court issued its order on October 10, 2006.  The order denied Claim Nos. 71 and 73 as duplicative of Claim No. 85, disallowed Claim No. 85 as a class Proof of Claim, and limited Claim No. 85 to Westfall only.  Appellant timely appealed.

## II.    STANDARD OF REVIEW

A district court reviews the findings of the Bankruptcy Court with the same standard as the Court of Appeals would review a finding of a district court in general civil matters.  28 U.S.C. § 158(c)(2).  As such, this Court reviews the Bankruptcy Court's findings of fact under a clearly

---

[7]  The Bankruptcy Court later withdrew the finding of collateral estoppel.

[8]  Judge Hargrove inquired as to why Westfall's counsel had not sought relief from the automatic stay to appeal Judge Rakoff's order denying class certification.

1   erroneous standard and its conclusions of law *de novo*. *In re Jastrem*, 253 F.3d 438, 440 (9th Cir.

2   2001). The Court reviews the Bankruptcy Court's exercise of equitable powers for abuse of

3   discretion, and will not reverse its decision unless it is "based on an error in law or if the record

4   contains no evidence to rationally support the decision." *In re Conejo Enterprises, Inc*., 96 F.3d

5   346, 351 (9th Cir. 1996). Simply put, the Court will not reverse the Bankruptcy Court unless it has a

6   "definite and firm conviction that the court below committed a clear error of judgment in the

7   conclusion it reached." *In re Atkins,* 69 F.3d 970, 973 (9th Cir. 1995) (internal citation and

8   quotation omitted).

9       **III.**    **DISCUSSION**

10       The Ninth Circuit has determined that the Bankruptcy Code does allow for class proofs of

11   claim. *See In re Birting Fisheries, Inc.,* 92 F.3d 939, 939 (9th Cir. 1996). However, Bankruptcy

12   Courts have broad discretion to allow or disallow such class claims. This Court finds that there is

13   ample evidence to support the Bankruptcy Court's denial of the class portion of Claim No. 85.

14   Since Judge Rakoff, prior to the commencement of the bankruptcy proceedings,[9] denied the class

15   certification and denied the preliminary approval of the class action settlement on June 2, 2005,

16   there was no viable class claim presented to the Bankruptcy Court. Judge Hargrove appropriately

17   considered Judge Rakoff's ruling and rightly determined that the Appellant should have appealed

18   Judge Rakoff's order.

19       The Bankruptcy Court further found that Appellant failed to follow the Bankruptcy Court's

20   order regarding the procedure for filing claims. The order essentially required that *each* creditor

21   holding an ephedra claim serve a copy of the proof of claim and completed supplement. This was

22   not done for any of the purported class claimants. As it stood, there was not a viable class claim

23   presented to the Bankruptcy Court; therefore, the Bankruptcy Court correctly examined Claim No.

24

25       [9] The Court is not persuaded by Appellant's argument that Judge Rakoff's ruling was not effectuated

26   until September 11, 2005, after the bankruptcy proceedings were initiated. While it is true that the detailed
written order was issued after the bankruptcy proceedings began, the actual ruling occurred beforehand on June

27   2, 2005, when Judge Rakoff denied class certification and preliminary approval of the class action settlement.
Furthermore, Judge Rakoff issued a brief, but perfunctory, written order denying certification pre-petition. The

28   order stated that "[a]n opinion setting forth the reasons for this ruling will issue in due course," which was later
issued on September 11, 2005. Nonetheless, the actual ruling denying certification occurred on June 2, 2005.

85 as an individual claim.  Similarly, the Bankruptcy Court correctly examined the accompanying Fact Sheet Supplement as representative of Mr. Westfall solely in his individual capacity alone. Since there was not a viable class, Westfall could not be considered to be a representative of the class;  therefore, the scope of the Fact Sheet Supplement could not and should not have been expanded beyond Westfall himself.

Lastly, Westfall's challenge to the Bar Date Order and Bar Date Notice at oral argument was clearly untimely.  Westfall did not object or seek reconsideration of the Bar Date Notice Until almost a year after it was published despite knowledge of its existence.  The Bankruptcy Court properly determined that such delay was inappropriate.  The Bar Date Notice was carefully crafted by MII, the OCC and other parties to apprise all possible claimants of the requirement to file a proof of claim.  The notice was mailed to more than 1,000 parties on the Bankruptcy Court's creditor matrix and published twice in the national newspaper USA Today and circulated for a total of four days.  Any objections by the Appellant concerning the Bar Date Order and Bar Date Notice should have been filed closer in time to the issuance of the Bar Date Order rather than approximately one year after its publication.

In conclusion, the Bankruptcy Court has broad discretion to allow or disallow class claims before or after they are filed, and regardless of bar date notification.  In this case, the Bankruptcy Court did not abuse its discretion in disallowing the class portion of Claim No. 85.

IV.    CONCLUSION

        The record on appeal shows that the Bankruptcy Court acted well within its discretion in disallowing the class portion of Appellant's claim.  Accordingly, this Court **AFFIRMS** the order of the Bankruptcy Court denying the class portion of Claim No. 85 as well as **AFFIRMS** the denial of Claim Nos. 71 and 73 as duplicative.   All other pending motions are **DENIED** as moot.  The Clerk of the Court shall enter Judgment in favor of Appellees and against Appellant.

**IT IS SO ORDERED.**

DATED:  September 11, 2007

_____
Hon. Roger T. Benitez
United States District Judge